IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| VON BLACK | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. PJM-17-3423 |
| TOWN OF UPPER MARLBORO, JAMES STOREY, and STAN MODERO | * * | |
| Defendants | * | |

***

## MEMORANDUM OPINION

This civil rights action was filed on November 16, 2017, along with a Motion to Proceed in Forma Pauperis. ECF No. 2. The motion shall be denied and the complaint dismissed for the reasons that follow.

Plaintiff seeks an injunction against police officers for Upper Marlboro, located in Prince George's County, Maryland. The basis for the injunction is Plaintiff's stated beliefs that he has not consented to the enforcement of state or federal laws as to any of his activities that are not commercial in nature. ECF No. 1. He claims he is a foreign national domiciled in the State of Maryland and espouses beliefs and theories of law similar to those shared by Sovereign Citizens, Moorish Americans, and Flesh and Blood groups. Adherents to those groups share the misguided belief that none of the criminal statutes passed by state and federal legislatures have any application to them as they have not "consented" to enforcement of those laws. *See* ECF No. 1 at Ex. A ("Affidavit of Life") and Ex. C[1] ("Schedule of Fees").

---

[1] This exhibit includes what is basically a price list for certain conduct by law enforcement. For example, an "unauthorized citation" is listed with a $10,000 price and collection of DNA is listed with a one-million dollar price. ECF 1 at Ex. C, p. 2.

In this case, Plaintiff asserts that he was stopped by police officers for a cause unknown to him, though he admits the officer told him it was due to a problem with the tags for his car. The citation issued indicates that Plaintiff failed to display a valid tag on the car. ECF No. 1 at Ex. D. Plaintiff requests an Order from this Court enjoining the named Defendant police officers from stopping or detaining him or seizing any of his property, unless he poses a threat to the public safety. ECF No. 1 at pp. 17 – 18.

This Court may preliminarily review the claims in Plaintiff's complaint and dismiss the complaint pursuant to 28 U.S.C. § 1915(e) prior to service if it is satisfied that it has no factual or legal basis and it is frivolous on its face. *See Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Cochran v. Morris*, 73 F.3d 1310, 1314 (4th Cir. 1996). As explained by the Supreme Court in *Neitzke*: "Examples of [factually baseless lawsuits] are claims describing fanciful or delusional scenarios, with which federal district judges are all too familiar." *Neitzke v. Williams*, 490 U.S. at 328.

Claims such as those asserted here have been repeatedly rejected by the courts. *See El v. Mayor of City of New York,* No. 13–CV–4079 (SLT)(CLP), 2014 WL 4954476, at *5 (E.D. N.Y. Sept. 30, 2014) (citation omitted); *see Bond v. N.C. Dep't of Corr.,* No. 3:14–cv–379–FDW, 2014 WL 5509057, at *1 (W.D. N.C. Oct. 31, 2014) (explaining that "courts have repeatedly rejected arguments . . . by individuals who claim that they are not subject to the laws of the ... individual States by virtue of their 'Moorish American' citizenship"). "Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented." *United States v. Benabe,* 654 F.3d 753, 767 (7th Cir. 2011); see *United States v. White,* 480 F. Appx. 193, 194 (4th Cir.

2012) ("Neither the citizenship nor the heritage of a defendant constitutes a key ingredient to a . . . court's jurisdiction in criminal prosecutions. . . ."). The complaint shall be dismissed.

In his Motion to Proceed in Forma Pauperis (ECF No. 2), Plaintiff claims he and his spouse have no income, but simply rely on "the trust" to pay their bills. Evidently this trust Plaintiff references is an Inter Vivos Trust and he is the beneficiary. ECF No. 1 at Ex. B. He does not provide information about how much money is in the trust. ECF No. 2. This Court finds the motion is not made in good faith as it appears that Plaintiff is deliberately concealing assets. The motion shall be denied.

A separate Order follows.

                                                                        _____/s/_____
                                                                         PETER J. MESSITTE
December 4, 2017                             UNITED STATES DISTRICT JUDGE